# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

**CRIMINAL CASE NO. 3:08cr233**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>vs.                                          )<br>)<br>)<br>MARINO MARTINEZ.                )<br>                                                 ) | **O R D E R** |

**THIS MATTER** is before the Court on the Government's Notice of Appeal and Motion for Stay and Revocation of Magistrate's Release Order [Doc. 36], filed February 27, 2009. The Defendant has responded. [Doc. 41]. On March 5, 2009, the Magistrate's Order of release was stayed pending resolution of the Government's appeal.

## PROCEDURAL HISTORY

On November 19, 2008, the Defendant was charged in <u>United States v. Martinez</u>, Criminal Case No. 3:08cr237 (hereinafter "Case 237") with conspiracy to submit false claims, conspiracy to defraud the United States, aggravated identity theft, conspiracy to money launder, and money laundering, in violation of 18 U.S.C. §§286, 371, 1028A(a)(1), 1956(h), and

1

1957(a). [Case 237, Doc. 3]. In that indictment, the Defendant and three co-conspirators were alleged to have operated a scheme to defraud the United States by submitting fraudulent tax returns and negotiating 12 million dollars in fraudulently obtained tax refund checks. On the same date that the Defendant was indicted in Case 237, his co-conspirators, Peralta, Loria and Varela, were indicted in this case (3:08cr233) and charged with the same crimes. [Doc. 1].

The Defendant was indicted separately from his co-conspirators because at the time of the indictment, he was in Columbia, South America and the Government feared that if he knew of the indictment, he would not return to the United States. [Case 237, Doc. 11]. When the Defendant returned to the United States in late November 2008, he was arrested. [Id., Doc. 9]. At that time, the Magistrate Judge ordered the Defendant into pre-trial detention, citing as grounds the Defendant's ties to Columbia, the fact that the money involved in the crimes was missing and the fact that the Defendant faced a sentence of 10 years. [Id., Doc. 6].

On January 29, 2009, the Defendant's case was consolidated with that of his co-conspirators. [Id., Doc. 13]. On February 27, 2009, the Defendant entered into a plea agreement with the Government pursuant to which he agreed to plead guilty to Counts One through Three, conspiracy

to submit false claims to the United States, conspiracy to defraud the United States and aggravated identity theft. [Doc. 37]. He faces a statutory maximum sentence of 10 years on Count 1 and 5 years on Count 2 to be followed by a 2 year consecutive sentence for identity theft on Count 3. On the same date that the Magistrate Judge accepted the Defendant's change of plea, he ordered the Defendant to be released on $100,000 unsecured bond with the conditions of home detention and electronic monitoring. [Doc. 40]. The Government seeks review of that decision.

## STANDARD OF REVIEW

The Government seeks review and revocation of the Magistrate's release order. 18 U.S.C. §3145(a)(1) ("the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order"). The district court, in reviewing an order of release, conducts a *de novo* review and makes an independent determination of the appropriateness of pre-trial detention or conditions of release. United States v. Stewart, 19 Fed.Appx. 46 (4th Cir. 2001), *citing* United States v. Reuben, 974 F.2d 580, 585-86 (5th Cir. 1992), *certiorari denied* 507 U.S. 940, 113 S.Ct. 1336, 122 L.Ed.2d 720 (1993). Pending sentencing, the "burden of establishing that the defendant will not flee ...

rests with the defendant." Fed.R.Crim.P. 46(c); United States v. Abuhamra, 389 F.3d 309, 317 n.4 (2nd Cir. 2004); United States v. Bakker, 891 F.2d 287 (4th Cir. 1989).

> [T]he judicial officer *shall* order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, ... be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released[.]

18 U.S.C. §3143(a) (emphasis provided).

"The clear language of th[is] section requires the judicial officer to order the person detained once a finding of guilt has been made." United States v. Hamrick, 720 F.Supp. 66, 67 (W.D.N.C. 1989). For purposes of this review, a defendant who has entered a guilty plea is considered to have been "found guilty." United States v. Luisa, 266 F.Supp.2d 440, 445 (W.D.N.C. 2003); United States v. Breedlove, 7 Fed.Appx. 268 (4th Cir. 2001); United States v. Moffitt, 527 F.Supp.2d 474 (W.D.N.C. 2006).

The Court has reviewed the charges to which the Defendant has pled guilty and considered the recording of the hearing before the Magistrate Judge and finds this matter may be disposed of without further hearing. United States v. Cisneros, 328 F.3d 610, 614-15 (10th Cir. 2003) (§3145 "does not require that new information be available before a release [] order can be reconsidered and revoked."); *accord*, United States v. El

4

Edwy, 272 F.3d 149 (2nd Cir. 2001); United States v. Mostrom, 11 F.3d 93, 95 (8th Cir. 1993); United States v. Clark, 865 F.2d 1433, 1437 (4th Cir. 1989).

## DISCUSSION

The Defendant argues two grounds for his release pending sentencing. First, he asserts that he has shown by clear and convincing evidence that he is not likely to flee, and therefore he is entitled to release under 18 U.S.C. §3143(a).[1] Second, he argues that he has presented evidence of exceptional circumstances warranting his release under 18 U.S.C. §3145(c).

**18 U.S.C. §3143(a) - Flight Risk**

The Defendant cites several factors in support of his argument that he is not a flight risk. He owns real estate in Gaston County and has family ties to that area. Although he acknowledges that his wife lives in Columbia and that he frequently traveled there in the past, Defendant argues the presence of his two adult children in the United States and the fact that his children are United States citizens establish that he will not flee. He also

---

[1] The Government does not contend that the Defendant is a danger to the community, thus fulfilling the other prong of the test under 18 U.S.C. §3143(a).

offered, through counsel, to surrender his passports.[2]

By contrast, evidence presented at the detention hearings showed that during the five month period prior to his arrest, the Defendant resided in Columbia. Moreover, the Defendant was present in Columbia for at least one month in 2006 and almost six months in 2007.

In addition to the Defendant's actual presence in Columbia for extended periods of time, a cooperating witness has disclosed that the Defendant admitted operating a business in Columbia where he owns real estate. The Defendant reported to the witness that he trusted someone in the United States to cash the tax refund checks in his absence. The Defendant also told that witness that he would only be in the United States for a short time to check on the fraudulent tax refund business before returning to Columbia. This would appear to manifest an intent on the part of the Defendant to leave to country.

The Defendant's offer to surrender his passports also does little to refute the evidence of such intent to leave the country. The Defendant has entered a guilty plea to aggravated identity theft, thus raising a concern that he could reproduce and travel with fraudulent identity documents even

---

[2] The Defendant apparently holds passports from both the United States and Columbia.

if he surrenders his valid passports. He used false identities to cash fraudulent tax refund checks totaling $430,543 during one twelve day period in 2008. This reflects an ability to assume identities other than his own as well as a wherewithal to generate enough money to flee even if he does not have access to the missing 12 million dollars involved in the scheme at issue in this prosecution. The Defendant's background, his ability to produce false identification documents and his past extensive travel for prolonged periods of time to Columbia where his wife resides show "that he is clearly versed in the means and methods of fugitives, should he determine that the amount of time faced in prison is unbearable[.]" Luisa, 266 F.Supp.2d at 447. "[I]ndeed, many of the items disclosed in [this motion] mitigate against release under any conditions." Id. "'[A]nyone that has dual passports, dual citizenship with passports even though they are now retained by the federal government, is always suspect of having an available avenue to flee.'" United States v. Amirnazmi, 2008 WL 4925015 **2 (E.D.Pa. 2008); United States v. Abdullahu, 488 F.Supp.2d 433, 443 (D.N.J. 2007).

    The Court has considered the cases cited by defense counsel and finds them to be inapposite. In United States v. Ramnath, 533 F.Supp. 2d 662 (E.D.Tex. 2008), the physician defendant had been charged with

manslaughter of a patient but had a husband and two minor children in the district along with an established medical practice with an annual income of $400,000. All of the defendant's past travel had been job related. In <u>United States v. Sabhani</u>, 529 F.Supp.2d 377 (E.D.N.Y. 2007), there was likewise no evidence of an expressed intent to depart the country as is present in this case. The evidence of a likelihood of flight is simply much stronger in this case than in either of the cases upon which the Defendant relies.

    The Court has considered the offenses to which the Defendant has entered guilty pleas, the history and characteristics of the Defendant, and the other enumerated factors of 18 U.S.C. §3142(g) and finds that the Defendant has failed to show by clear and convincing evidence that he is not likely to flee. As a result, there is no condition or combination of conditions that will reasonably assure his appearance at sentencing.

**18 U.S.C. §3145(c) - Exceptional Circumstances**

    The Defendant makes an alternative argument that he has established exceptional circumstances warranting his release under 18 U.S.C. §3145(c).

    First it should be noted that this provision does not apply to the

Defendant because he is not subject to mandatory detention pursuant to 18 U.S.C. §3143(a)(2) because his offense is neither a crime of violence of a drug crime. Even if section 3145(c) did apply, however, exceptional circumstances are not presented herein.

Exceptional circumstances are "clearly out of the ordinary, uncommon, or rare." United States v. Larue, 478 F.3d 924, 926 (8th Cir. 2007); United States v. Lea, 360 F.3d 401, 403 (2d Cir. 2004); United States v. Koon, 6 F.3d 561, 563 (9th Cir. 1993). The Defendant claims that his cooperation and attempts to obtain a downward departure show that he would not jeopardize any such departure by fleeing. The Defendant's cooperation, however, while "commendable," "does not authorize a defendant's release except for exceptional reasons that are simply not present in this case." United States v. Sharp, 517 F.Supp.2d 462, 466 (D.D.C. 2007); United States v. Little, 485 F.3d 1210, 1211 (8th Cir. 2007) (it is not out of the ordinary, rare or uncommon for defendants to cooperate in the investigation of their criminal act); Luisa, 266 F. Supp. at 447(defendant's 20 page proffer, desire for downward departure, desire to self-report to prison and reputable family do not constitute exceptional circumstances).

Likewise, the Defendant's desire to help his children does not

constitute exceptional circumstances. Id. ("It is clear that mere personal reasons, including caring for a family or gainful employment, are not 'exceptional.'); United States v. Garcia, 340 F.3d 1013, 1022 (9th Cir. 2003) ("Hardships that commonly result from imprisonment do not meet the standard."); United States v. Sabhnani, 529 F.Supp.2d 377, 382 (E.D.N.Y. 2007) ("Incarceration always is associated with severe familial inconvenience."). While counsel argues that a combination of conditions could insure the Defendant's presence at sentencing, "[t]he Court would be hard-pressed to find any defendant who would not submit to a variety of conditions provided that he or she was released." Luisa, 266 F.Supp.2d at 448.

The Defendant curiously argues that allowing his release pending sentencing would allow him the opportunity to take care of his tax preparation business. This, however, is the same tax preparation business he used to perpetrate the fraud to which he has pled guilty. Rather than supporting release, this argument by the Defendant more aptly supports the Government's position. One more reason for keeping the Defendant incarcerated pending sentencing is to protect the public from his potential further criminal misconduct by and through this tax preparation business. See 18 U.S.C. §3143(a)

The undersigned therefore also concludes that the Defendant has not satisfied the requirements for release pursuant to §3145(c) by showing exceptional circumstances.

For these reasons the Magistrate Judge's order of release will be vacated and the Defendant detained pending sentencing.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Government's Notice of Appeal and Motion for Stay and Revocation of Magistrate's Release Order [Doc. 36] is hereby **GRANTED** and the Magistrate Judge's Release Order is hereby **REVOKED** and the Defendant is ordered to be detained pending sentencing.

Signed: March 13, 2009

Martin Reidinger
United States District Judge